LAW OFFICES
**GRAHAM • VAAGE LLP**
500 NORTH BRAND BOULEVARD
SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800 FAX (818) 547-3100

Susan L. Vaage, SBN 83125
Miguel A. Ortiz, SBN 245137

Attorneys for Defendant Touchstone Television Productions, LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DELMAN, an individual,<br><br>   Plaintiff,<br>vs.<br><br>GEP CENCAST LLC dba CENTRAL CASTING, a Delaware Limited Liability Company, TOUCHSTONE TELEVISION PRODUCTIONS, LLC, a Delaware Limited Liability Company doing business as ABC STUDIOS; SECURITAS SECURITY SERVICES USA, INC.; TWENTIETH CENTURY FOX TELEVISION, a Delaware Corporation; SCUDIERO, ESQ., an individual; and DOES 1-10,<br><br>   Defendants. | CASE NO. CV09-2721-PGS (CWx)<br><br>(Honorable Philip S. Gutierrez)<br><br>MOTION TO SET ASIDE ENTRY OF DEFAULT OF TOUCHSTONE TELEVISION PRODUCTIONS, LLC; DECLARATION OF SUSAN L. VAAGE; MEMORANDUM OF POINTS & AUTHORITIES<br><br>Date: October 26, 2009<br>Time: 1:30 PM<br>Place: 790 Roybal |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that Defendant Touchstone Television Productions, LLC ("Touchstone") a Delaware limited liability company doing business as ABC Studios, on Monday, October 26, 2009 at 1:30 PM in Courtroom 790 of the Edward R. Roybal Federal Building, United States District Court, Central District of California, located at 255 East Temple Street, Los Angeles, CA 90012, will present its motion to set aside its default and allow it to file responsive

1

pleadings to the Complaint pursuant to FRCP 55(c) in that service was not effected on Touchstone on August 13, 2009.

The Motion will be based upon this Notice, the Motion, the Memorandum of Points & Authorities, the Declaration of Susan L. Vaage, the reply brief and all relevant records and documents in the Court's file and such oral and documentary evidence and argument as may be presented at the hearing.

This Motion is made after conferring pursuant to Local Rule 7-3 following an e-mail from counsel for Touchstone to Plaintiff in *pro per*, Delman, regarding the request for default, and a subsequent telephone conversation between counsel and Delman which occurred on September 16, 2009.

Date: September 17, 2009

GRAHAM • VAAGE LLP

By: /s/ Susan L. Vaage
SUSAN L. VAAGE
Attorneys for Defendant
Touchstone Television Productions LLC

## MEMORANDUM OF POINTS & AUTHORITIES

### 1. GOOD CAUSE EXISTS TO SET ASIDE THE DEFAULT AS TOUCHSTONE WAS NOT SERVED.

A Default may be set aside for good cause shown. (FRCP 55(c)). Here, no service was effected on Touchstone on August 13, 2009. As is set forth in the Declaration of Susan L. Vaage, the U.S. Marshall delivered a copy of the summons and complaint to her at her office on August 13, 2009, with a cover sheet Waiver of Service form. Ms. Vaage was outside counsel for Touchstone in a prior case filed by Delman, is not an employee, officer or agent of Touchstone, and on August 13, 2009 had not been retained by it in this action nor authorized to accept service on Touchstone's behalf. Service on Ms. Vaage was not effective service on Touchstone pursuant to FRCP 4(h).

On September 8, 2009, after having been authorized to represent Touchstone in this action, Ms. Vaage signed the Waiver of Service and, pursuant to the instruction on that documents, returned it in the provided envelope.

On September 15, 2009, Ms. Vaage was advised by counsel for another defendant that Mr. Delman had requested that a default be entered. Ms. Vaage contacted Mr. Delman by email and spoke with him on September 16, 2009 and requested that he withdraw his request. The following morning Ms. Vaage received a notice from the Court that the default had been entered, despite the fact that no proof of service on Touchstone was filed. Instead, the Marshall's paperwork filed by Mr. Delman indicated service on *Ms. Vaage, who is not a party to this action* and had not appeared in the case at that time.

///

///

3

Based on the foregoing, good cause appears for setting aside the default of Touchstone which was inappropriately entered. Touchstone was prepared to file its responsive pleading on or before September 21, 2009, and will do so within 48 hours of this Motion being granted.

Date: September 17, 2009

GRAHAM • VAAGE LLP

By: /s/ Susan L. Vaage
SUSAN L. VAAGE
Attorneys for Defendant
Touchstone Television Productions LLC

## DECLARATION OF SUSAN L. VAAGE

I, Susan L. Vaage, declare and state:

1. I am an attorney at law, duly licensed to practice law before all the courts of the State of California, and am admitted to practice before this Court. I am a partner in the law firm of Graham • Vaage LLP, counsel for defendant Touchstone Television Production, LLC ("Touchstone") in this action. The following facts are personally known to me to be true, and if called as a witness I would testify competently to same.

2. On August 13, 2009, a U.S. Marshall came to my office and handed me a copy of the Summons, alias Summons, and Complaint in this action. He also gave me a form Waiver of Service of Summons and Complaint. I am not an employee, agent or officer of Touchstone, nor is my office located at any Touchstone facility. I represented Touchstone in a prior dismissed action filed by Delman in this court but had not yet been retained by Touchstone to represent them in this action, and had made no appearance on behalf of Touchstone at that time.

3. On September 8, 2009, I signed and retuned the Waiver of Service as instructed on the form by inserting it into the enclosed envelope, a true and correct copy of which is attached hereto as Exhibit "1." Pursuant to that document, Touchstone had until October 13, 2009 in which to file a responsive pleading. I did not e-file it with the Court as that was not in the instructions on the form and I believed that it was essentially akin to a proof of service that should be filed by Plaintiff when it was sent to him by the Marshall. Apparently due to this excusable failure to file by me, the Court was unaware of the true facts pertaining to service on Touchstone, believed that service on me, as then unretained outside counsel, was effective on Touchstone, and entered my client's default.

///

GRAHAM • VAAGE LLP
500 NORTH BRAND BOULEVARD, SUITE 1030
GLENDALE, CALIFORNIA 91203
(818) 547-4800  FAX (818) 547-3100

4. On September 8, 2009, I filed a Notice of Joinder to the previously filed Notice of Related Cases filed by co-defendant GEP Cencast.

5. I was advised late on September 15, 2009, that Plaintiff was requesting entry of my client's default apparently on the mistaken belief that the delivery of the form and pleadings to me constituted valid personal service on Touchstone on August 13, 2009. I subsequently emailed and spoke with Plaintiff Delman on September 16, 2009, and advised him of his erroneous assumption and requested that he withdraw his request for default.

6. I request that this Court deny Plaintiff's request for entry of default as not being timely. I will file a responsive pleading within 48 hours of this motion being granted.

I declare under penalty of perjury and the laws of the State of California that the foregoing is true and correct.

Executed this 17th day of September, 2009, at Glendale, California.

/s/ Susan L. Vaage

**EXHIBIT 1**

U.S. Marshals Office
312 N. Spring St. RM G-3
Los Angeles, CA 90012

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| PLAINTIFF: David Delman | Case Number: CV09-2721 FMC(PJW) |
| vs | Waiver of Service of Summons & Complaints |
| DEFENDANTS: GEP Cencast et al | |

Susan L. Vaage                08/13/09
500 N. Brand Blvd
Glendale, Ca. 91203

I hereby acknowledge receipt of your request that I waive service of a summons in the above-entitled action I have also received a copy of the complaint in the action, one copy of this waiver form, and an envelope with which I can return the signed waiver to you at no cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served within 60 days after 08/13/09. If I am a Federal employee/defendant, the aforesaid answer or motion is not due until 60 days after the aforesaid date, or 60 days after the United States Attorney's Office is properly served with the summons & complaint, whichever is later.

Date: 9/8/09            Signature: _Susan L Vaage_

Name (Printed/Typed): Susan L. Vaage
Street Address: 500 N. Brand Blvd #1030
City / State / Zip: Glendale, CA 91203
Telephone: (818) 547-4800   Fax: (818) 547-3100

Relationship To Entity On Whose Behalf I Am Acting

_attorney for Touchstone_
Name of Party Waiving Service

**Duty to Avoid Unnecessary Costs of Service of Summons**
Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and compliant. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.
A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who Waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or an unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of summons was received.

C/CA: CV08 (6/04)         WAIVER OF SERVICE OF SUMMONS

Prepared By: P.RAGAS(213-894-3770)  _P. Ragas_  Date: 8/13/09

**PROOF OF SERVICE BY U.S. MAIL**

**(Federal Rules of Civil Procedure, Rule 5(b))**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 500 North Brand Boulevard, Suite 1030, Glendale, California 91203-1923.

On September 17, 2009, I served the foregoing document described as **Notice of Motion and Motion to Set Aside Default of Touchstone Television Productions, LLC; Memorandum of Points & Authorities; Declaration of Susan L. Vaage** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

SEE ATTACHED SERVICE LIST

X    **BY MAIL**: I caused such envelope to be deposited in the mail at Glendale, California. The envelope was mailed with postage thereon fully prepaid. I am readily familiar with the Firm's practice of collection and processing for mailing with the United States Postal Service. It is deposited with the U.S. Postal Service the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 17, 2009, at Glendale, California.

                                                /s/Liz Marquez

# SERVICE LIST

David Delman
P.O. Box 812083
Los Angeles, CA 90081
Email: David@Delman.tv
PRO SE

Joseph B. Scudiero
Scott A. Bishop
Joseph B. Scudiero Law Offices
21535 Hawthorne Boulevard
Suite 290
Torrance, CA 90503
Email: jscudiero@scudierolaw.com
Attorneys for Defendant
GEP Cencast, LLC

David M. Lester
G. Michael Brown
Shireen Banki Rogers
Musick Peeler & Garrett LLP
650 Town Center Dr., Ste. #1200
Costa Mesa, CA 92626-1925
Email: d.lester@mpglaw.com

Robert J. Schulze
Fox Group Legal
Legal Department
2121 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
Email: robert.schulze@fox.com
Attorneys for Defendant
Twentieth Century Fox Television

Joseph B. Scudiero
Scott A. Bishop
Joseph B. Scudiero Law Offices
21535 Hawthorne Boulevard
Suite 290
Torrance, CA 90503
Attorneys for Defendant Joseph Scudiero, Esq.
Email: jscudiero@scudierolaw.com

8