O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   Doc . #80 , #81, and #88

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2721 PSG (CWx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | David Delman v. GEP Cencast, LLC *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers) Order Denying Plaintiff's ex parte application for continuation of the motions to dismiss [81], Plaintiff's accommodation request [80], and Plaintiff's ex parte application for oral argument [filed 10/19/09]**

I.   Plaintiff's Ex Parte Application for Continuation of the Motions To Dismiss

On October 15, 2009, Plaintiff David Delman ("Plaintiff") filed an ex parte application seeking (1) continuation of the motions to dismiss so that they may be heard on the same day as Defendants' motion to declare Plaintiff a vexatious litigant, (2) extra time for Defendants to reply to Plaintiff's oppositions to the motions to dismiss, and (3) a determination that Plaintiff's oppositions to the motions to dismiss were timely filed. *See* Dkt # 81. In support of the first request, Plaintiff argues that the motions to dismiss and the motion to have Plaintiff declared a vexatious litigant should be heard on the same day because they are related. They are related, according to Plaintiff, because the latter was filed to prejudice this Court against Plaintiff when considering the former. The Court, however, does not find the relation between the two sets of motions strong enough to warrant the requested continuance. Accordingly, the Court denies Plaintiff's first request for failure to show good cause. *See* L.R. 7-19.

With regard to Plaintiff's second request, the Court notes that Defendants have already filed timely replies in support of their motions to dismiss. The Court therefore denies Plaintiff's second request as moot.

Finally, with regard to Plaintiff's third request, the Court finds it appropriate to exercise its discretion to consider Plaintiff's untimely opposition papers. *See* L.R. 7-12.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   Doc. #80, #81, and #88

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2721 PSG (CWx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | David Delman v. GEP Cencast, LLC *et al.* | | |

II. Plaintiff's Accommodation Request

On October 15, 2009, Plaintiff also filed an "Accommodation Request By Person With Disability" ("Accommodation Request"). *See* Dkt. # 80. In that document, Plaintiff requests that

> this Court have delivered my previous case against Merrill Lynch, since defendant in this action have made them relevant by filing the motion to declare me a vexatious litigant. I need these files because there is information in these files that are needed to prove that I am not a vexatious litigant . . . .

*See Accommodation Request* ¶ 3. The Court, however, cannot discern from this language what Plaintiff wants or how the Court might oblige him. Moreover, to the extent the Court can discern the general direction of Plaintiff's request, Plaintiff provides no authority to support such a request, especially as there is no apparent connection between Plaintiff's purported need for the "Merrill Lynch files" and Plaintiff's alleged neurological disability. For these reasons, the Court denies Plaintiff's Accommodation Request.

III. Plaintiff's Ex Parte Application For Oral Argument

Finally, on October 19, 2009, Plaintiff filed an ex parte application requesting oral argument on Defendants' motions to dismiss so that Plaintiff might respond to Defendants' reply papers. The Federal Rules of Civil Procedure and the Local Rules, however, are clear: Plaintiff has no right to oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F. R. Civ. P. or these Local Rules."). Moreover, it is well-established that parties do not have a constitutional right to oral argument. *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998) (per curiam) (citing cases). Thus, the Court is under no obligation to hold oral argument on Defendants' motions to dismiss. The Court therefore denies Plaintiff's application requesting oral argument for failure to show good cause. *See* L.R. 7-19.

IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's ex parte application for, *inter alia*, continuation of the motions to dismiss, Plaintiff's accommodation request, and Plaintiff's ex parte application for oral argument.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA      Doc . #80 , #81, and #88

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2721 PSG (CWx) | Date | October 21, 2009 |
|---|---|---|---|
| Title | David Delman v. GEP Cencast, LLC *et al.* | | |

Furthermore, Plaintiff is directed to take note of the following language from this Court's Standing Order:

> Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995).

*Standing Order* 8:22-9:1. Plaintiff should consider this a warning against further misuse of ex parte procedure.

**IT IS SO ORDERED.**